IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TV TOKYO CORPORATION,<br><br>　　　Plaintiff,<br><br>v.<br><br>THE INDIVIDUAL, CORPORATION, LIMITED LIABILITY COMPANY, PARTNERSHIP, OR UNINCORPORATED ASSOCIATION IDENTIFIED ON SCHEDULE A HERETO,<br><br>　　　Defendant. | Case No. 24-cv-8623<br><br>Judge April M. Perry<br><br>Magistrate Judge Jeannice W. Appenteng |

**DEFAULT JUDGMENT ORDER**

This action having been commenced by TV TOKYO CORPORATION ("Plaintiff") against the Defendants identified in the attached Amended Schedule A and using the Defendants Online Marketplace Accounts (collectively, "Defendant Internet Stores"), and Plaintiff having moved for entry of Default and Default Judgment against the defendants identified in the Amended Schedule A attached hereto (collectively, "Defaulting Defendants");

This Court having entered a preliminary injunction; Plaintiff having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over the Defaulting Defendants since the Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defaulting Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products bearing counterfeit versions of NARUTO Trademarks and Copyrights which are protected by U.S. Trademark Registration Nos. 3,229,574; 3,280,366 and 3,726,754 and Copyright Registration Nos. PA0002277887, PA0002276002, and PA0002431062 (collectively referred to as the "NARUTO Trademarks and Copyrights").

This Court further finds that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), copyright infringement (17 U.S.C. § 501(a)) and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.).

Accordingly, this Court orders that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default and that this Default Judgment is entered against the Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with it be permanently enjoined and restrained from:

   a. using the NARUTO Trademarks and Copyrights or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the

        distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine NARUTO Product or is not authorized by Plaintiff to be sold in connection with the NARUTO Trademarks and Copyrights;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine NARUTO Product or any other product produced by Plaintiff, that is not Plaintiff's or is not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the NARUTO Trademarks and Copyrights;

c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

d. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the NARUTO Trademarks and Copyrights or any reproductions, counterfeit copies or colorable imitations thereof.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as AliExpress and Alipay.com Co., Ltd. ("Alipay") (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

  a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell counterfeit and infringing goods using the NARUTO Trademarks and Copyrights; and

  b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the NARUTO Trademarks and Copyrights or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine NARUTO product or not authorized by Plaintiff to be sold in connection with the NARUTO Trademarks and Copyrights.

3. Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the NARUTO Trademarks and Copyrights.

4. Pursuant to 15 U.S.C. § 1117(c)(2) and 17 U.S.C. § 504(c), Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of ten thousand dollars ($10,000) for willful use of counterfeit NARUTO Trademarks and Copyrights on products sold through the Defendant Internet Stores.

5. AliExpress and Alipay shall, within five (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by AliExpress and Alipay, are hereby released to Plaintiff as partial payment of the above-identified damages, and AliExpress and Alipay are ordered to release to Plaintiff the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Plaintiff identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding to Defaulting Defendants by e-mail at the email addresses identified in Exhibit 3 to the Declaration of Hiroaki Saiki and any e-mail addresses provided for Defaulting Defendants by third parties.

9. The one thousand dollar ($1,000) surety bond posted by Plaintiff is hereby released via certified mail to counsel of record for Plaintiff, Michael A. Hierl of Hughes Socol Piers Resnick & Dym, Ltd. at Three First National Plaza, 70 W. Madison Street, Suite 4000, Chicago, IL 60602.

This is a Default Judgment.

Dated: May 14, 2025

_April M Perry_
_____
The Honorable April M. Perry
United States District Judge

## AMENDED SCHEDULE A

| No. | Defendant Name / Alias |
|---|---|
| 7 | Shop1103478270 Store |
| 9 | Shop1103575194 Store |
| 10 | Shop1103699105 Store |
| 11 | Shop1103730147 Store |
| 12 | Shop1103733131 Store |
| 14 | Shop1103802409 Store |
| 15 | Shop1103804278 Store |
| 17 | Shop1103856022 Store |
| 20 | Shop1103862726 Store |
| 21 | Shop1103863718 Store |
| 22 | Shop1103875812 Store |
| 25 | Shop1103886079 Store |
| 28 | Shop1103892148 Store |
| 30 | Shop1103894225 Store |
| 31 | Shop1103905013 Store |
| 32 | Shop1103915005 Store |
| 33 | Shop1103917241 Store |
| 206 | Shop1103907173 Store |